# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RACHEL CENTANNI,<br><br>　Plaintiff<br><br>v.<br><br>FLÖT, LLC and RYAN LANDY,<br><br>　Defendants | CIVIL ACTION FILE NO. |

## COMPLAINT

Plaintiff RACHEL CENTANNI brings this Complaint for damages and other relief against Defendants FLÖT, LLC and RYAN LANDY and alleges as follows.

### PARTIES JURISDICTION AND VENUE

1. This is an action for unpaid wages pursuant to § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Plaintiff RACHEL CENTANNI ("Plaintiff" or "Centanni") is a citizen of Georgia and resides in Villa Rica, Georgia.

3. Defendant FLÖT, LLC ("Flöt") is a Georgia limited liability company with its principle office located at 1045 Piedmont Ave NE #202 Atlanta, GA 30309. Flöt may be served with process by delivering a copy of the Complaint and Summons to its Registered Agent, Ryan Landy, located at 3235 Roswell Road, Unit 618, Atlanta, GA, 30305.

4. Defendant RYAN LANDY ("Landy") is a manager at Flöt, and may be personally served wherever he may be found.

5. The Court has original jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331, because Plaintiff's claim raises a question of federal law.

6. Under 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Northern District of Georgia.

7. Pursuant to Local Rule 3.1(B)(1)(a) and § 1391(d), venue is proper in this the Atlanta Division, because Defendant resides in Fulton County.

## COUNT 1
## FAILURE TO PAY MINIMUM WAGE

8. Plaintiff hereby restates and incorporates all previous allegations.

## COVERAGE

9. Plaintiff worked as an employee of Defendants from October 2, 2015 to December 16, 2015.

10. While working for Defendants, Plaintiff was engaged in interstate commerce and/or in the production of goods for commerce.

11. Defendants qualify as "employers" within the meaning of the FLSA. 29 U.S.C. § 203(d).

12. Plaintiff was an "employee" within the meaning of the FLSA. 29 U.S.C. § 203(e).

13. In the three years prior to the filing of this Complaint, Defendant Flöt has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

14. In the three years prior to the filing of this Complaint, Defendant Flöt has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

15. In the three years prior to the filing of this complaint, Defendant Flöt has employed one or more individuals who handled materials that traveled in interstate commerce.

16. In each of the three years prior to the filing of this complaint, Defendant Flöt has had an annual gross volume of sales made or business done in excess of $500,000.

17. Defendant Flöt's annual gross volume of sales made or business done in the current calendar year will exceed $500,000.

18. Defendant Landy was at all times relevant to this suit, and remains, a manager at Defendant Flöt.

## REFUSAL TO PAY MINIMUM WAGE

19. Centanni worked at Flöt as a receptionist and hostess.

20. Flöt paid Centanni an hourly rate of $8.00 per hour for working a regular schedule from Thursday to Tuesday.

21. Flöt paid Centanni an hourly rate of $12.00 per hour for working on Thursdays.

22. On December 16, 2015, Centanni resigned her employment at Flöt.

23. After her resignation, Flöt owed Centanni approximately $714 in unpaid wages, covering approximately two weeks of work.

24. Centanni requested timely payment of her wages, and Flöt through Landy refused to pay her.

25. In refusing to pay Centanni for two weeks of work, Flöt violated the FLSA.

## COUNT 2
## BREACH OF CONTRACT

26. Plaintiff hereby restates and incorporates all previous allegations.

27. Centanni and Flöt had a contract of employment.

28. Under the terms of the contract, Flöt agreed to pay Centanni for her work.

29. Flöt breached the contract when it refused to pay Centanni.

30. Centanni has been damaged by the breach in an amount not less than $714.

## COUNT 3
## ATTORNEY FEES

31. Plaintiff hereby restates and incorporates all previous allegations.

32. Flöt has acted in bad faith, has been stubbornly litigious, and has caused Centanni unnecessary trouble and expense.

33. Flöt is therefore liable to Centanni for attorney's fees under Georgia law, including O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

Based on the allegations set forth in this Complaint, and the evidence as it is developed in this case, Plaintiff respectfully prays that:

(a) A declaratory judgment against the Defendants that they violated the FLSA and that their violations of the FLSA were willful;

(b) A monetary judgment jointly and severally against the Defendants, including

  i) Unpaid wages and overtime,

  ii) Liquidated damages,

  iii) Reasonable costs and attorney fees, and

  iv) Prejudgment interest; and

(c)    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff demands a jury trial on all issues triable by a jury.

Respectfully submitted: March 7, 2016.

| | |
|---|---|
| **MAYS & KERR, LLC**<br>235 Peachtree St NE \| Suite 202<br>Atlanta, GA 30303<br>T: (404) 410 – 7998<br>F: (877) 813 – 1845 | /s/ James Craig<br>James Craig<br>Georgia Bar No. 940586<br>james@maysandkerr.com<br><br>Counsel for the Plaintiff |