UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RACHEL CENTANNI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No.: 1:16-CV-00727 MHC |
| v. | ) |
| | ) |
| FLOT, LLC & RYAN LANDY | ) |
| | ) |
| Defendant(s). | ) |
| | ) |

### DEFENDANTS' 1ST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT

**COMES NOW,** FLOT, LLC ("Defendant FLOT") and Ryan Landy ("Defendant Landy") (collectively "Defendants") by and through their undersigned counsel, and hereby file their Answer, Affirmative Defenses And Defendant FLOT's Counterclaim to Plaintiff's Complaint, stating as follows:

### 1st AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

### 2nd AFFIRMATIVE DEFENSE

Defendants have not engaged in any unlawful practice or otherwise violated the FLSA.

1

### 3rd AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over this matter as Plaintiff is not an employee under the FLSA and Defendants are not employers under the FLSA.

### 4th AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief against Defendants.

### 5th AFFIRMATIVE DEFENSE

Defendants hereby reserve the right to amend this Answer and add or otherwise withdraw any defenses after reasonable opportunity for appropriate discovery and as allowed by this Court's Local Rules and the Federal Rules of Civil Procedure.

### 6th AFFIRMATIVE DEFENSE

Defendants respond to each of Plaintiff's enumerated allegations as follows:

1.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 1 of Plaintiff's Complaint.

2.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 2 of Plaintiff's Complaint.

3.

Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## COUNT I – FAILURE TO PAY MINIMUM WAGE

8.

Defendants re-allege and re-incorporate their responses contained in Paragraphs 1-7 above.

9.

Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendants admit the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendants admit the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendants admit the allegations

22.

Defendants admit the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendants admit the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendants admit the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

## COUNT II – BREACH OF CONTRACT

26.

Defendants re-incorporate and re-allege their responses contained in Paragraphs 1-25 above.

27.

Defendants admit the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendants admit the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

**COUNT III – ATTORNEY'S FEES**

31.

Defendants re-incorporate and re-allege their responses contained in Paragraphs 1-30 above.

32.

Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

## **COUNT IV – RETALIATION**

34.

Defendants re-incorporate and re-allege their responses contained in Paragraphs 1-33 above.

35.

Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36.

Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.

37.

Defendants admit the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38.

Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39.

Defendants admit the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40.

Defendants admit the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

With respect to Plaintiff's Prayer for Judgment, Defendants deny Plaintiff is entitled to any prayer for judgment.

To the extent that Defendants have failed to respond to any allegation contained in Plaintiff's Complaint to which a response is required, such allegation is hereby denied.

## COUNTERCLAIM OF DEFENDANT FLOT

1.

Plaintiff is subject to the jurisdiction of this Court by virtue of filing this matter.

2.

On or about October 2, 2015, Defendant FLOT and Plaintiff agreed that in exchange for payment of an hourly wage, Plaintiff would be employed as a receptionist.

3.

On or about December 14, 2015, Plaintiff informed Defendants of her desire to resign from her employment.

4.

At the request of Defendants, and as agreed to by Plaintiff, Plaintiff and Defendant agreed that in exchange for continued payment of wages, Plaintiff would remain employed by Defendant FLOT until December 28, 2015.

5.

Thereafter, on December 16, 2015, Plaintiff informed Defendant FLOT that she was resigning effective immediately.

6.

By resigning effective December 16, 2015, and not on December 28, 2015, Plaintiff breached the employment agreement between Plaintiff and Defendant FLOT, and Defendant FLOT has been damaged in an amount to be proven at trial.

## COUNT I – BREACH OF CONTRACT

7.

Defendant FLOT re-incorporates and re-alleges its allegations contained in Paragraphs 1-6 above.

8.

Defendant FLOT and Plaintiff entered into an oral agreement on or about December 14, 2015, in which in exchange for the payment of wages, Plaintiff agreed to remain employed by Defendant FLOT until December 28, 2015.

9.

Plaintiff breached the oral agreement by resigning from Defendant FLOT effective December 16, 2015.

10.

As a result of Plaintiff's breach of contract, Defendant FLOT has been damaged in an amount to be proven at trial.

## COUNT II – PROMISSORY ESTOPPEL

11.

Defendant FLOT re-incorporates and re-alleges its allegations contained in Paragraphs 1-10 above.

12.

Plaintiff promised Defendant FLOT that in exchange for payment of wages, Plaintiff would remain in Defendant FLOT's employ until December 28, 2015.

13.

When making that promise to Defendant FLOT, Plaintiff should have reasonably expected Defendant FLOT to rely on that promise.

14.

Defendant FLOT justifiably relied on Plaintiff's promise to its detriment, and injustice can only be avoided by enforcement of that promise, because as a result of Defendant FLOT's justifiable reliance on Plaintiff's promise, Defendant FLOT has been damaged in an amount to be proven at trial.

**WHEREFORE**, Defendants request this Court to dismiss Plaintiff's Complaint, find in favor of Defendants as to their Counterclaim, to cast all costs of Court against Plaintiff, and to award Defendant their reasonable attorney's fees.

Respectfully submitted this 22nd day of April 2016.

                                        **MBW LAW, LLC**

                                        s/Michael B. Weinstein
                                        Michael B. Weinstein
                                        Georgia Bar No. 746386
                                        MBW Law, LLC
                                        949 Image Avenue, Suite B
                                        Atlanta, GA 30318
                                        Telephone: (404) 228-2629
                                        Facsimile: (888) 231-0613
                                        mike.weinstein@mbwlaw.net

                                        *Attorney for Defendants*

## **CERTIFICATE OF FONT SIZE**

Pursuant to Local Rule 7.1(D), counsel for Plaintiff certifies that this notice has been prepared in Times New Roman 14 point font, one of the fonts approved in Local Rule 5.1(B).

Respectfully submitted this 22nd day of April 2016.

>s/Michael B. Weinstein
>Michael B. Weinstein
>Georgia Bar No. 746386
>MBW Law, LLC
>949 Image Avenue, Suite B
>Atlanta, GA 30318
>Telephone: (404) 228-2629
>Facsimile: (888) 231-0613
>mike.weinstein@mbwlaw.net
>
>*Attorney for Defendants*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RACHEL CENTANNI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 1:16-CV-00727 MHC |
| v. | ) |
| | ) |
| FLOT, LLC & RYAN LANDY | ) |
| | ) |
| Defendant(s). | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and correct copy of **DEFENDANTS' 1ST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM** upon counsel of record through this Court's CM/ECF system, which shall provide electronic notice to Plaintiff's counsel or record.

Respectfully submitted this 21st day of April 2016.

s/Michael B. Weinstein<br>
Michael B. Weinstein

15